**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| FREDDY RICHARDSON, | : | |
| | : | Civil Action No. 06-4699 (JLL) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LYDELL SHERRER, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    FREDDY RICHARDSON, Plaintiff <u>pro se</u>
    # 477689/SBI 517
    Northern State Prison
    B-1-W Cell 107
    168 Frontage Road
    Newark, New Jersey 07114-0300

**LINARES**, District Judge

Plaintiff Freddy Richardson, currently confined at the Northern State Prison in Newark, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should proceed in part at this time.

## I. BACKGROUND

Plaintiff brings his civil rights action against defendants, Lydell B. Sherrer, Administrator at Northern State Prison ("NSP"); Peggy Brooks, Remedy Form and Request Slip Coordinator at NSP; Jane Doe, known to plaintiff as SCO Westry at NSP; John Doe, known to plaintiff as SCO Rayford at NSP; and John Doe, known to plaintiff as SCO Nicolai at NSP.  (Complaint, Caption and ¶¶ 4e, 4f, and 4g).

Plaintiff claims that, on or about April 2006, defendant Jane Doe (SCO Westry) began to harass him by making "idle verbal threats about giving [plaintiff] a[n] infraction."  Plaintiff filed a remedy form on July 11, 2006, complaining about defendant's harassment.  Shortly after plaintiff filed his grievance, defendant SCO Westry filed a false disciplinary report against plaintiff, which was dismissed on July 28, 2006.

Plaintiff further alleges that SCO Westry told defendant John Doe (SCO Rayford) about the dismissal of the disciplinary charge, and that the two defendants planned to retaliate against plaintiff.  Upon returning from his noon medication call,

defendant Sgt. Nicolai told plaintiff to report to the barber shop with his cellmate. Both inmates were told to strip on a cold dirty floor and were subjected to a strip search. After the search, plaintiff was told to sit down while SCO Rayford and SCO King went to plaintiff's cell to conduct a cell search. Plaintiff was then summoned to open his cell locker, whereupon SCO Rayford finds a handcuff key and states: "Look what we have here. Hook him up King." Plaintiff also complains that when he asked Sgt. Nicolai why he was being taken to lock-up, Sgt. Nicolai repeatedly told plaintiff: "Shut the fuck up before I shut you up." (Complaint, ¶¶ 4e, f and g, Statement of Claims).

Plaintiff seeks compensatory and punitive damages from each named defendant in excess of $42,000.00. (Compl., ¶ 7).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton

v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff alleges claims of harassment and retaliation by the named defendants, including supervisory defendants, Lydell B. Sherrer, Administrator at Northern State Prison, and Ms. Peggy Brooks, Remedy Form and Request Slip Coordinator.  Generally, local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations

6

omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Here, plaintiff alleges that he submitted many remedy forms to defendant Peggy Brooks about SCO Westry's harassment, but Ms. Brooks never responded.  In addition, plaintiff claims that Administrator Sherrer never attempted to intervene in this matter after plaintiff brought his complaints to Sherrer's attention.  These allegations are sufficient at this stage, if true, to show that these defendants had direct knowledge of plaintiff's complaints of harassment and retaliation and did nothing.  Accordingly, the Complaint against these defendants does not appear to be predicated solely on the basis of respondeat superior.

## IV.   ANALYSIS

A.  Verbal Harassment Claim

Plaintiff first alleges a claim of harassment against defendants SCO Westry and SCO Nicolai for making verbal threats of harassment against him.  He does not allege that he suffered any physical injury as a result of this harassment.

Generally, mere verbal harassment does not give rise to a constitutional violation.  See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001)(taunts and threats are not an Eighth Amendment violation); Oltarzewski v. Ruggiero, 830 F.2d 136 (9th

7

Cir. 1987) (vulgar language); <u>Rivera v. Goord</u>, 119 F. Supp.2d 327, 342 (S.D.N.Y. 2000)(verbal harassment does not violate inmate's constitutional rights); <u>Prisoners' Legal Ass'n v. Roberson</u>, 822 F. Supp. 185 (D.N.J. 1993); <u>Murray v. Woodburn</u>, 809 F. Supp. 383 (E.D. Pa. 1993); <u>Douglas v. Marino</u>, 684 F. Supp. 395 (D.N.J. 1988).  Racially discriminatory statements, racial slurs and epithets, without more, also do not establish liability under § 1983.  <u>See</u> <u>Freeman v. Arpaio</u>, 125 F.3d 732, 738 (9th Cir. 1997)(verbal abuse directed at religious and ethnic background does not state a cognizable constitutional violation); <u>Black Spotted Horse v. Else</u>, 767 F.2d 516, 517 (8th Cir. 1985); <u>Shabazz v. Cole</u>, 69 F. Supp.2d 177, 200-01 (D. Mass. 1999) ("without even a suggestion of physical injury, [defendants'] verbal abuse and racial epithets, although continuing for a long period of time, fall short of conscience shocking conduct"); <u>Haussman v. Fergus</u>, 894 F. Supp. 142, 149 (S.D.N.Y. 1995); <u>Prisoners' Legal Association</u>, 822 F. Supp. at 187-189 & n.3 (corrections officer's use of racial slurs did not amount to constitutional violation); <u>Wright v. Santoro</u>, 714 F. Supp. 665, 667 (S.D.N.Y. 1989), <u>aff'd</u>, 891 F.2d 278 (2d Cir. 1989); <u>Knop v. Johnson</u>, 667 F. Supp. 467 (W.D. Mich. 1987), <u>appeal</u> <u>dismissed</u>, 841 F.2d 1126 (6th Cir. 1988).  Allegations that prison personnel have used threatening language and gestures also are not cognizable claims under

§ 1983.  Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him).

However, threatening language coupled with the threatening use of a weapon and outrageous conduct by prison personnel may indicate a constitutional deprivation.  Douglas, 684 F. Supp. at 398 (brandishing a butcher knife in close proximity to prisoner and threatening to kill him may amount to a constitutional violation); see also Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (gun was put to prisoner's head); Burton v. Livingston, 791 F.2d 97 (8th Cir. 1986)(guard threatened to shoot prisoner).

Here, plaintiff alleges only that defendant SCO Westry made "idle threats of verbal harassment" and that SCO Nicolai threatened to shut plaintiff up if he was not quiet.  Without more, such as verbal threats coupled with physical violence, this claim against the defendants must be dismissed with prejudice for failure to state a cognizable claim of constitutional dimension.

Finally, plaintiff cannot obtain relief solely for mental or emotional injury in the absence of a physical injury.  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  See Allah v.

9

Al-Hafeez, 226 F.3d 247, 250-51 (3d Cir. 2000).  Therefore, plaintiff's claim based upon verbal harassment must be dismissed.

B.   Retaliation Claim

Next, plaintiff alleges that the defendants retaliated against him for filing grievances against SCO Westry based on her harassment of plaintiff.  The retaliatory acts included false disciplinary charges, a strip search, and a second false disciplinary charge for having "handcuff keys".  The disciplinary actions allegedly were dismissed.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution ... ."   White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990).  To prevail on a retaliation claim, plaintiff must demonstrate that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).  See also Anderson v. Davila, 125 F.3d 148, 160 (3d Cir. 1997) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)); Thaddeus-X v.

Blatter, 175 F.3d 378, 386-99 (6th Cir. 1999), cited with approval in Allah, 229 F.3d at 225.

Here, plaintiff alleges that defendants acted against him in a retaliatory manner for filing grievances. These instances include prison disciplinary actions resulting in plaintiff's lock-up in disciplinary detention, and a strip search for no legitimate reason. While it is plain from plaintiff's allegations that he was not actually deterred from seeking redress through the administrative process in prison (in which he was successful in having his disciplinary actions dismissed), and now in federal court by filing this Complaint, he plainly alleges that defendants used the above-mentioned threats, false disciplinary charges,[1] disciplinary detention, and other actions

---

[1] Nevertheless, to the extent that plaintiff may be asserting a claim that he was falsely charged with disciplinary infractions he did not commit, such claim is subject to dismissal. The act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights. See Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986)(holding that "the mere filing of [a false] charge itself" does not constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"), cert. denied, 485 U.S. 982 (1988); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)(finding that so long as prison officials provide a prisoner with the procedural requirements outlined in Wolff, 418 U.S. at 558, then the prisoner has not suffered a constitutional violation). See also Creter v. Arvonio, No. 92-4493, 1993 WL 306425, at *7 (D.N.J. Aug. 5, 1993); Duncan v. Neas, No. 86-109, 1988 WL 91571, at *1 (D.N.J. Aug. 30, 1988)(determining that "the alleged knowing falsity of the charge [does not state] a claim of deprivation of a constitutionally protected liberty interest ... where procedural due process protections were provided").

as a means to prevent or intimidate plaintiff from pursuing his claims.  Threats, the use of disciplinary action to suppress plaintiff's right to complain, isolation (as in detention or administrative segregation), and all of the incidental losses or denials of privileges as alleged by plaintiff suggest impermissible retaliatory action in violation of plaintiff's First Amendment rights.  Therefore, based on these allegations, if true, plaintiff will be allowed to proceed on his retaliation claims against all named defendants.

## V.   CONCLUSION

Therefore, for the reasons set forth above, the Court will dismiss with prejudice plaintiff's Eighth Amendment claim of verbal harassment and his Fourteenth Amendment claim of false disciplinary charges, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  Plaintiff's First Amendment retaliation claim will be allowed to proceed at this time against all named defendants.  An appropriate order follows.

/s/ Jose L. Linares
United States District Judge

Dated: January 23, 2007

---

Here, plaintiff states that he did receive a disciplinary hearing and was successful in having the charges dismissed.  He does not make any claim that he was denied procedural due process with respect to the disciplinary action taken against him.  Therefore, any such claim of false disciplinary charges will be dismissed for failure to state a claim.