**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

## NOT FOR PUBLICATION

### LETTER OPINION

March 24, 2008

Freddy Richardson
No. 477689/SBI 517
Northern State Prison
B-1-W; Cell 107
168 Frontage Road
Newark, NJ 07114-0300

Thomas Edward Kemble, Esq.
Office of the New Jersey Attorney General
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112

Sean M. Gorman, Esq.
Office of the New Jersey Attorney General
25 Market Street
P.O. Box 112
Trenton, NJ 08625

Re:  **Richardson v. Sherrer, et al.**
     **Civil Action No.: 06-4699 (JLL)**

Dear Parties:

This matter comes before the Court on the Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Lydell B. Sherrer and Peggy Brooks (collectively "Defendants"). Plaintiff has not filed an opposition to this motion.[1] No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth in this Letter Opinion, Defendants' motion to dismiss is granted.

---

[1] Plaintiff has failed to respond to Defendants' motion to dismiss, which has now been pending for approximately seven months. Such motion was electronically filed on August 8, 2007. A review of the motion papers indicates that Defendants filed a certificate of service confirming that Plaintiff was served with a copy of same. Moreover, Plaintiff acknowledged receipt of same by way of letter dated September 7, 2007, wherein Plaintiff requested a sixty day extension of time in which to respond to Defendants motion. See CM/ECF Docket Entry No. 17. Plaintiff's request was granted by the Court on September 20, 2007. See CM/ECF Docket Entry No. 18. This Court's September 20th Letter Order was not returned to the Court as undeliverable. Despite this sixty-day extension, to date, Plaintiff has failed to respond to Defendants' motion.

I.      **Background**[2]

Plaintiff claims that, on or about April 2006, Defendant Jane Doe (SCO Westry) began to harass him by making "idle verbal threats about giving [plaintiff] a[n] infraction." Plaintiff filed a remedy form on July 11, 2006, complaining about defendant's harassment. Shortly after Plaintiff filed his grievance, Defendant SCO Westry filed a false disciplinary report against Plaintiff, which was dismissed on July 28, 2006.

Plaintiff further alleges that SCO Westry told Defendant John Doe (SCO Rayford) about the dismissal of the disciplinary charge, and that the two Defendants planned to retaliate against Plaintiff. Upon returning from his noon medication call, Defendant John Doe (Sgt. Nicolai) told Plaintiff to report to the barber shop with his cellmate. Both inmates were told to strip on a cold dirty floor and were subjected to a strip search. After the search, Plaintiff was told to sit down while SCO Rayford and SCO King went to Plaintiff's cell to conduct a cell search. Plaintiff was then summoned to open his cell locker, whereupon SCO Rayford found a handcuff key and stated: "Look what we have here. Hook him up King." Plaintiff also complains that when he asked Sgt. Nicolai why he was being taken to lock-up, Sgt. Nicolai repeatedly told Plaintiff: "Shut the fuck up before I shut you up." (Compl., ¶¶ 4e, f and g, Statement of Claims).

In light of the foregoing, Plaintiff commenced the instant cause of action[3] on September 29, 2006, alleging violations of 42 U.S.C. § 1983[4] and seeking compensatory and punitive damages in excess of $42,000.00 from each named Defendant. Plaintiff simultaneously submitted an application to proceed in forma pauperis. As a result, this Court screened Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), and, by way of Opinion and Order dated January 23, 2007, (a) dismissed Plaintiff's Eighth Amendment claim of verbal harassment and his Fourteenth Amendment claim of false disciplinary charges for failure to state a claim, and (b) allowed Plaintiff's First Amendment retaliation claim to proceed against all named Defendants. The Court also granted Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. On August 10, 2007, Defendants Sherrer and Brooks filed the instant motion to dismiss Plaintiff's First Amendment retaliation claim.

---

[2] For purposes of adjudicating the pending motion to dismiss, the allegations set forth in Plaintiff's Complaint are presumed to be true. See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

[3] This Court's jurisdiction is premised on 28 U.S.C. § 1331.

[4] Section 1983 states in relevant part: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983.

## II.    Standard of Review

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[5] See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000). However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although the proscriptions of Rule 8 apply to all plaintiffs, when a plaintiff is proceeding pro se, the court must construe the complaint liberally. Altson v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004); U.S. v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (recognizing the courts' "time-honored practice of construing pro se plaintiffs' pleadings liberally").  Moreover, given the disparity in legal sophistication, the court will hold a complaint submitted by a pro se plaintiff to a less exacting standard than one submitted by trained counsel. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519 (1972).  With this framework in mind, the Court turns now to Defendants' motion.

## III.    Legal Discussion

As a preliminary matter, the Court notes that Defendants have attached certain documents to their motion to dismiss.  The Court recognizes its authority to convert a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See, e.g., In re Rockefeller Center Properties, Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999).  However, [w]hen a District Court decides to convert a motion to dismiss into a motion for summary judgment, it must provide the parties 'reasonable opportunity' to present all material relevant to a summary judgment motion. Fed.R.Civ.P. 12(b). The parties can take advantage of this opportunity only if they have 'notice of the conversion.'" Id. at 288 (citing Rose v. Bartle, 871 F.2d 331, 340 (3d Cir.1989)).  This Court has not provided Plaintiff with notice of any such conversion, nor does the Court have any reason to believe that Plaintiff construed Defendants motion as such.[6]  In light of the foregoing, and given Plaintiff's pro se status, the Court declines to convert the instant motion into one for summary judgment.

Defendants seek dismissal of Plaintiff's First Amendment retaliation claim on the basis that:

---

[5] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

[6] See, e.g., CM/ECF Docket Entry No. 17 (requesting a sixty day extension of time "to answer defendant's motion to dismiss.").

(A) Plaintiff has failed to allege sufficient facts against Defendants Sherrer and Brooks to adequately state a First Amendment retaliation claim against said Defendants; (B) Defendants are public officials being sued in their official capacities and are not "persons" amenable to suit under 42 U.S.C. § 1983; (C) Plaintiff failed to exhaust his administrative remedies; and (D) Defendants are entitled to qualified immunity.

## A.

Defendants argue that Plaintiff's First Amendment retaliation claim should be dismissed because (a) Plaintiff has failed to allege sufficient facts against Defendants Sherrer and Brooks to adequately state a First Amendment retaliation claim against said Defendants, and (b) said Defendants cannot be held liable based solely upon a theory of respondeat superior. (Def. Br. at 12).

The Court agrees that Defendants' liability cannot be predicated solely on the operation of respondeat superior. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). However, "personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Id. In this regard, the Court finds that Plaintiff's Complaint – as currently drafted – does not attempt to hold Defendants Sherrer and/or Brooks liable solely upon a theory of respondeat superior. The Complaint specifically alleges that said Defendants had actual knowledge of the alleged wrongs, and failed to intervene or act on Plaintiff's behalf. See Compl., ¶4(b) and (c). Thus, accepting the allegations in the Complaint as true, neither Sherrer nor Brooks were named as defendants solely based on their respective positions within the prison.

However, under the liberal notice pleading standard of Federal Rule of Civil Procedure 8(a), based on the reasons that follow, the Court finds that Plaintiff has failed to allege sufficient facts, that, if proven, would show Defendants' personal involvement in the alleged retaliatory conduct. For instance, Plaintiff alleges that Defendant Brooks had actual knowledge of SCO Westry's harassment and acquiesced by failing to respond to Plaintiff's remedy forms (Compl., ¶4(c)), and that Defendant Sherrer had actual knowledge of Plaintiff's harassment-related "issues" but acquiesced by failing to intervene on Plaintiff's behalf (Compl., ¶ 4(b)). "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Here, Plaintiff does not indicate when, where or how he brought such matters to the attention of Defendant Sherrer. Similarly, the Complaint does not specify whether any of the remedy forms submitted by Plaintiff to Defendant Brooks contained complaints specifically related to the episodes of harassment at issue in this case. Thus, Plaintiff's Complaint – as currently drafted – fails to allege any specific factual allegations linking the conduct of Defendants Sherrer or Brooks to the alleged constitutional violation. "While we appreciate that the discovery process is designed to enable a plaintiff . . . to undercover evidence that may support the allegations set forth in a complaint, a court is not required to assume that a plaintiff can prove facts not alleged." Evancho, 423 F.3d at 354.

Given that Plaintiff has failed to adequately allege the circumstances surrounding Defendants' actual knowledge of Plaintiff's harassment and/or their acquiescence to same, the Court

4

need not credit Plaintiff's bald assertions that Brooks had actual knowledge of SCO Westry's harassment and acquiesced by failing to respond to Plaintiff's remedy forms, or that Sherrer had actual knowledge of Plaintiff's harassment-related "issues" but acquiesced by failing to intervene on Plaintiff's behalf. The Court will, therefore, dismiss Plaintiff's First Amendment retaliation claim as against Defendants Sherrer and Brooks, without prejudice, for failure to allege sufficient facts regarding Defendants' personal involvement in the alleged retaliatory conduct.[7] See, e.g., Thomas v. Indep. Twp., 463 F.3d 285, 298 (3d Cir. 2006) (dismissing plaintiff's § 1983 claims as against certain defendants  where plaintiff had made no specific allegations showing that said defendants "were personally involved, through personal direction or actual knowledge and acquiescence, in the wrongs alleged"); Jetter v. Beard, 130 Fed. Appx. 523, 526  (3d Cir. 2005) (same).

Notwithstanding this Court's dismissal of Plaintiff's First Amendment retaliation claim as against the named Defendants, in light of Plaintiff's pro se status, and because amendment of Plaintiff's Complaint would not be futile, the Court will allow Plaintiff an opportunity to amend his Complaint so as to cure the deficiencies addressed herein.  See, e.g.,  Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

## IV.    Conclusion

For the reasons stated above, Defendants' motion to dismiss is granted.  Plaintiff may file an Amended Complaint which cures the deficiencies addressed herein by **Monday, April 21, 2008.** Plaintiff's failure to do so will result in dismissal of his claim as against said Defendants with prejudice.

An appropriate Order accompanies this Opinion.

/s/ Jose L. Linares
UNITED STATES DISTRICT JUDGE

---

[7] Because the Court dismisses Plaintiff's First Amendment retaliation claim on such a basis, the Court need not address Defendants' remaining arguments at this time – namely, whether (a) Defendants are "persons" amenable to suit under 42 U.S.C. § 1983, (b) Plaintiff failed to exhaust his administrative remedies, and (c) Defendants are entitled to qualified immunity.