NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

FREDDY RICHARDSON,                    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )        Civil Action No.: 06-4699 (JLL)
                                      )
LYDELL SHERRER, PEGGY BROOKS,         )            **OPINION**
SCO WESTRY, SCO RAYFORD,              )
and SERGEANT NICOLAI,                 )
                                      )
            Defendants.               )
_____)

For Defendants Sherrer and Brooks: DAG Thomas E. Kemble

**LINARES, District Judge.**

        This matter comes before the Court on the motion to dismiss, or in the alternative for

summary judgment [CM/ECF #31] of Defendants Lydell B. Sherrer ("Sherrer") and Peggy

Brooks ("Brooks") (collectively "Defendants") the Amended Complaint of Plaintiff Freddy

Richardson ("Plaintiff" or "Richardson").  No oral argument was heard.  Fed. R. Civ. P. 78.  For

the reasons set forth herein, Defendants' motion is granted.

### INTRODUCTION

        Richardson is an inmate at the Northern State Prison ("NSP") in Newark, New Jersey.

(Am. Compl. at 1.)  From May through June 2006, he volunteered to assist on a garbage detail.

(Id. at 4.)  While on that detail, he alleges that he was harassed by Defendant Senior Corrections

Officer Westry ("Westry") due to Westry's belief that Richardson was wearing unauthorized

headgear.[1]  (Id. at 5.)  A disciplinary report filed by Westry related to the headgear was dismissed on July 28, 2006.  (Id.)

On July 29, 2006, Richardson alleges that Defendant Senior Corrections Officer Rayford ("Rayford"), another senior corrections officer, and Defendant Sergeant Nicolai ("Nicolai") placed Richardson in a "damp, dirty and unsanitary barber shop" and proceeded to conduct a strip search.[2]  (Id.)  After the strip search, Richardson was taken back to a "dayroom area" when he observed Nicolai leaving his cell and Rayford entering his cell.  (Id.)  After Richardson was asked for the combination to his locker, but prior to providing the combination, Rayford announced that something (apparently a handcuff key) had been found in Plaintiff's cell.  (Id.) Plaintiff was then handcuffed and repeatedly told to be quiet by Nicolai in response to his inquiries.  (Id.)  Richardson was subsequently placed in a segregation unit without running water, and told that he did not have running water from a fear that he had swallowed a handcuff key. (Id. at 6.)

Richardson alleges that the search was conducted because Westry had threatened "to have me set up on a false charge."  (Id.)  The "charges" against Richardson related to his alleged possession of a handcuff key were dismissed on August 22, 2006.  (Id. at 8.)  Prior to dismissal, however, Plaintiff alleges that he was placed in lock-up, had dirty water in his cell for two days, and was laughed at by Westry and Rayford.  (Id. at 6-8.)  He claims to have submitted at least two remedy forms related to these incidents, but received no response to these forms.  (Id. at 6, 8.)

---

[1]Westry is not a party to the instant motion.

[2]Neither Rayford nor Nicolai are parties to the instant motion.

Richardson initiated this matter on September 29, 2006 with the initial Complaint.  In an opinion and order dated January 23, 2007, this Court dismissed with prejudice Richardson's Eighth and Fourteenth Amendment (due process) claims.  A first motion to dismiss on behalf of Brooks and Sherrer followed, and this Court dismissed Plaintiff's sole remaining claim, First Amendment retaliation, without prejudice for failure to demonstrate personal involvement.  Richardson then filed the instant Amended Complaint, wherein he seeks compensatory damages, punitive damages, and injunctive relief in the form of an order requiring handcuff key accountability and registration under the First, Eighth, and Fourteenth Amendments.  (Id. at 8-9.)

As a preliminary matter, this Court notes that the Amended Complaint is based upon the same set of occurrences as the initial Complaint, and that this Court's dismissal of Richardson's Eighth and Fourteenth Amendment claims with prejudice operates to bar him from reasserting them.  This Court will, therefore, interpret the Amended Complaint as alleging a cause of action solely under First Amendment retaliation.

Additionally, this Court declines at the present time to construe the instant motion as one for summary judgment.  Although Plaintiff has notice, via Defendants' papers, that this Court could grant summary judgment based upon this motion, it declines to consider the instant motion as one for summary judgment where the Plaintiff has not filed an opposition and this Court has not given Plaintiff prior notice of its intention to convert a motion to dismiss into one for summary judgment.  Fed. R. Civ. P. 12(b); In re Rockefeller Ctr. Properties, Inc. Sec. Litig., 184 F.3d 280, 288 (3d Cir. 1999); Opinion of March 24, 2008 at 3.

## DISCUSSION

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled.

3

Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[3]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

        A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the proscriptions of Rule 8 apply to all plaintiffs, when a plaintiff is proceeding pro se, the court must construe the complaint liberally.  Altson v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004); U.S. v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (recognizing the courts' "time-honored practice of construing pro se plaintiffs' pleadings liberally").  Moreover, given the disparity in legal sophistication, the court will hold a complaint submitted by a pro se plaintiff to a less exacting standard than one submitted by trained counsel.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519 (1972).

        In order to state a civil rights claim, a plaintiff must allege personal involvement on the part of each defendant.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  This

---

[3] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

personal involvement can demonstrated "through allegations of "personal direction or of actual knowledge and acquiescence."  Rode, 845 F.2d at 1207.

Defendants base their motion to dismiss on two arguments.  First, that Richardson failed to exhaust his administrative remedies as required by § 1997(e), and second, that Richardson failed to allege sufficient facts to state a claim against Sherrer and Brooks.  This Court will not reach the exhaustion issue, as it finds that Richardson's claims must be dismissed with prejudice against Sherrer and Brooks for failure to plead personal involvement.

This Court dismissed Richardson's initial Complaint on March 24, 2008, on the basis that Richardson had not pled sufficient facts to demonstrate personal involvement on the part of Sherrer or Brooks.  (Op. of Mar. 24, 2008 at 5.)  In his Amended Complaint, Richardson points to two instances of contact he had with Sherrer to support his allegations.  The first instance was on August 3, 2006, while Richardson was in lock-up, and Sherrer did not stop to talk to Richardson during rounds.  (Am. Compl. at 6.)  The second instance was on August 18, 2006, when Richardson made an incomplete communication to Sherrer, and Sherrer responded that he would personally look into it.  (Id. at 7.)

These allegations, even examined in the light most favorable to Richardson, do not suffice to demonstrate personal involvement under Rode.  845 F.2d at 1207.  Neither "personal direction" nor "acquiescence" can be supported by Richardson's contacts with Sherrer.  Id.  To the extent that Richardson has plead actual knowledge on the part of Sherrer, Richardson does not provide any information on what he disclosed to Sherrer, other that the fact that he did not describe the "whole" incident.  (Am. Compl. at 7.)  Even if Richardson had communicated the essence of the handcuff key incident and the alleged retaliation to Sherrer on August 18, 2006,

the Amended Complaint is devoid of facts from which this Court could infer that Sherrer "had contemporaneous, personal knowledge" of the retaliation that had been alleged to occur starting in July 2006. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). In fact, the only harm that Richardson suffered after he spoke to Sherrer on August 18, 2006, was the water leak in his cell that Richardson admits was caused by another inmate. (Am. Compl. at 8.) This Court finds that the Amended Complaint does not suffice to make a § 1983 or § 1985 claim against Sherrer, as it does not allege the required personal involvement. Fed. R. Civ. P. 8(a); Rode, 845 F.2d at 1207.

Richardson's claims of Brooks's personal involvement are also inadequately plead in the Amended Complaint. Richardson alleges no personal interaction with Brooks; he only alleges that in her administrative role, she notified the other defendants that Richardson had filed remedy forms spurring retaliatory actions. (Am. Compl. at 2.) Richardson, in his Amended Complaint, failed to provide any of the details required by this Court in its March 24, 2008 Opinion: "[t]he Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Evancho, 423 F.3d at 353; Op. of Mar. 24, 2008 at 4. Richardson does not provide the Court any factual description of the remedy forms beyond the bald assertion in his complaint, and his allegations with respect to Brooks do not appear to rise above the purely speculative with respect to her personal involvement. Fed. R. Civ. P. 8(a); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008); Am. Compl. at 2.

This Court, in its March 24, 2008 Opinion, granted Richardson leave to amend his complaint to meet the requirements of Rule 8(a) with respect to the personal involvement of the Defendants. (Op. of Mar. 24, 2008 at 5.) Richardson was given notice at that time that failure to do so would result in dismissal of his claims with prejudice. (Id.) This Court having found that

6

Richardson has failed to sufficiently plead personal involvement on the part of Sherrer or Brooks in the Amended Complaint, Richardson has failed to comply with the terms of this Court's March 24, 2008 Order and Opinion, and his remaining claims as to Sherrer and Brooks must be dismissed with prejudice.

**CONCLUSION**

For the reasons heretofore given, Sherrer and Brooks's motion to dismiss is granted.  An appropriate Order accompanies this Opinion.

DATED: December 15, 2008                                   /s/ Jose L. Linares
                                                          United States District Judge